# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL CASE 12-00124-CG |
| ) | |
| ) | |
| ) | |
| DAVID LEE FRANK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On November 25, 2013, the Court conducted a hearing for a determination of Defendant's mental competency to stand trial pursuant to 18 U.S.C. § 4241. Present during the hearing and in Court was the Defendant, Gordon G. Armstrong, III, counsel for the defendant, and Michele C. O'Brien for the United States.

Prior to the hearing, copies of the report containing the medical opinion of Dr. Rebecca E. Perkins of the Federal Correctional Complex, Butner, NC, were made available and reviewed by the Court, counsel for Defendant and the United States. Dr. Perkins concluded that the Defendant, David Lee Frank, is suffering from a severe mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and that because of this mental disease, he was not criminally responsible for the alleged offense. Butner Federal Correctional Complex's forensic staff further recommended that the Defendant, David Lee Frank, be committed for a period of mental health treatment under the provisions of Title 18, U.S. Code, § 4241(d). No additional testimony, or other expert opinions, were offered by either party, although the court does consider the earlier report of evaluation by Dr. Mutchnick (Doc. 56, Exh. 1) in making the findings herein.

Based on the evidence presented, the Court finds by a preponderance of the

evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Accordingly, pursuant to Title 18, U.S.C., §4241(d), the court hereby commits the defendant to the custody of the United States Attorney General for a reasonable time, not to exceed four months[1], as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.  During this period, he is to undergo a thorough assessment to determine the specific nature of his mental disability and receive mental health treatment, which may include the administration of antipsychotic medications, to aid in improving his comprehension and retention.

**DONE and ORDERED** this 25th day of November, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] This time period shall not begin to run until the date the defendant arrives at the facility designated for treatment by the Attorney General.